IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN - 6 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**JEAN CLAUDE OSCAR,**

    **Petitioner,**

v.                                                   **Criminal Action No. 2:93cr131**

**UNITED STATES of AMERICA,**

    **Respondent.**

## OPINION AND ORDER

This motion is before the Court on Petitioner Jean Claude Oscar's ("Petitioner") two identical filings, the Motion to Vacate under 28 U.S.C. § 2255 docketed on April 28, 2014, Doc. 779, and the Motion to Vacate under 28 U.S.C. § 2255 docketed on June 2, 2014, Doc. 780. As the Motions are wholly identical, the Court will address them as one. For the reasons stated herein, the Court **DISMISSES** Petitioner's Motions to Vacate as 'second or successive' petitions outside of the jurisdiction of this Court.

### I. BACKGROUND

Petitioner and several other persons were involved in the large-scale transportation and distribution of cocaine base. On September 24, 1993, an Indictment was filed against Petitioner, charging him with sixteen counts relating to this conspiracy. Doc. 2. On February 28, 1994, a jury convicted Petitioner on fifteen of the charges. Doc. 334.

On June 7, 1994, Petitioner was sentenced to life plus 540 months imprisonment, to be followed by five years of supervised release. Doc. 434. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the judgment on all counts on October 4, 1995. Doc. 511.

Petitioner filed his first Section 2255 Motion to Vacate on January 28, 2000. Doc. 613. The Court denied the Motion as untimely, but then granted a request for reconsideration as to Count 15 of the Indictment. Docs. 615–18. After reviewing further briefing on this issue, the Court also denied Petitioner's Motion as to Count 15 as untimely. Doc. 623. Petitioner's appeal of this ruling was dismissed on April 11, 2001. Doc. 630.

Petitioner then filed the instant identical Section 2255 Motions on April 28, 2014, Doc. 779, and June 2, 2014, Doc. 780. Therein, Petitioner seeks relief based upon the Supreme Court of the United States' decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).

## II. LEGAL STANDARD

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "'inherently result[] in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In order to move a district court to vacate, set aside or correct a sentence under Section 2255, a petitioner must prove that one of the following occurred: (1) that his "sentence was imposed in violation of the Constitution or laws of the United States;" (2) that the Court was without jurisdiction to impose such a sentence; (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner bears the burden of proving his grounds for collateral review of his sentence by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a gate-keeping function for federal district courts presented with "second or successive" petitions for collateral review of criminal sentences. See In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999).

"In the absence of pre-filing authorization [from the Fourth Circuit], the district court lacks jurisdiction to consider a [successive] application." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); see also Burton v. Stewart, 549 U.S. 147, 153 (2007).

Nevertheless, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006); see also Panetti v. Quarterman, 551 U.S. 930, 944 (2007) ("The Court has declined to interpret 'second or successive' as referring to all . . . applications filed second or successively in time, even when the later filings address a . . . judgment already challenged in a prior . . . application."). However, a numerically second petition based on "a new rule of constitutional law" must be considered "second or successive" because any other holding would "permit an end-run" around Section 2255's requirement that such a claim first be certified by the Fourth Circuit. See 28 U.S.C. § 2255(h); see also Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009).

### III. ANALYSIS

Petitioner has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 previously in this case. See Doc. 613. In the instant Motions, Petitioner's claims all rely on his argument that the Supreme Court's ruling in Alleyne is a new rule of constitutional law which is retroactively applicable to his case. Doc. 779 at 2–3. Accordingly, Petitioner's instant Motion must be considered to be a 'second or successive' petition. See Leal Garcia, 573 F.3d at 221.

As Petitioner's Motions are "second or successive" petitions, authorization of the Fourth Circuit is required before Petitioner may file it with this Court. 28 U.S.C. § 2255(h). No such authorization has been given. Thus, the Court is without jurisdiction to consider the merits of Petitioner's claim, see Winestock, 340 F.3d at 205, and his Motions must be **DISMISSED**.

Furthermore, this Court has repeatedly held that <u>Alleyne</u> did not introduce a new rule of constitutional law that is retroactive to cases on collateral review. See, e.g., <u>Ogun v. United States</u>, No. 4:12cr4, 2014 WL 3545209, at *9 (E.D. Va. July 16, 2014); <u>Ferranti v. United States</u>, No. 1:91cr337, 2014 WL 2967944, at *2 (E.D. Va. June 30, 2014). Additionally, the Fourth Circuit has declined to hold <u>Alleyne</u> retroactive on collateral review. See <u>United States v. Stewart</u>, 540 Fed. App'x 171, 172 (4th Cir. 2013).

### IV. CONCLUSION

For the above stated reasons, the Court **DISMISSES** Petitioner's Motion to Vacate, Doc. 779, and Motion to Vacate, Doc. 780.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability as to both the instant Motions is **DENIED**.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. To proceed <u>in forma pauperis</u> on appeal, Petitioner must submit an application to proceed <u>in forma pauperis</u> to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner and to all counsel of record.

It is so **ORDERED**.

                                                                        /s/
                                    Henry Coke Morgan, Jr.
                                    Senior United States District Judge
                                    HENRY COKE MORGAN, JR.
                                    SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 6, 2014